

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

*PHILIP R. SELLINGER*
*United States Attorney*

*DIANA VONDRA CARRIG*
*SARA ALIYA ALIABADI*
*Assistant United States Attorneys*

*CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE*                 *856.757.5026*
*401 Market Street, 4ᵗʰ Floor*                              *Fax: 856.968.4917*
*Post Office Box 2098*                               *diona.carrig@usdoj.gov*
*Camden New Jersey 08102*

May 10, 2022

Via Email DNADJARI@rmfpc.com
Douglas M. Nadjari, Esquire
Ruskin Moscou Faltischeck PC                    Crim No: 22-346 (SDW)
1425 RXR Plaza, East Tower, 15ᵗʰ Floor
Uniondale, NY 11556-1425

Re:  Plea Agreement with Dr. Jon Paul Dadaian

Dear Mr. Nadjari:

This letter sets forth the plea agreement between your client, Dr. Jon Paul Dadaian, and the United States Attorney for the District of New Jersey ("this Office").

## CHARGE

Conditioned on the understandings specified below, this Office will accept a guilty plea from Dr. Jon Paul Dadaian to a one-count Information that charges him with the resale of prescription drugs purchased by a healthcare entity, contrary to 21 U.S.C. § 353(c)(3)(A) and in violation of 21 U.S.C. §§ 331(t) & 333(a)(2).

If Dr. Jon Paul Dadaian enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Dr. Jon Paul Dadaian for his participation in a scheme beginning in or around June 2012 and continuing through in or around April 2018, which diverted tens of millions of dollars of oncology and ophthalmology drugs from the ordinary distribution chain by fraud and deception, including by using his medical license to purchase such drugs and then immediately transferring and selling them to other entities which were not permitted to buy such drugs for further redistribution; his obtaining of discounted pricing for such drugs by fraud and deception; his unauthorized sale of prescription drugs that had been previously purchased by a health care entity; and his trafficking in pre-retail medical products obtained by fraud and deception.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Dr. Jon Paul Dadaian agrees that any dismissed charges and any other charges that are not

time-barred by the applicable statute of limitations on the date this agreement is signed by Dr. Jon Paul Dadaian may be commenced against him, notwithstanding the expiration of the limitations period after Dr. Jon Paul Dadaian signs the agreement.

SENTENCING

The violation of 21 U.S.C. §§ 331(t) & 333(a)(2) to which Dr. Jon Paul Dadaian agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine of $10,000. Any fine imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Dr. Jon Paul Dadaian is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Dr. Jon Paul Dadaian ultimately will receive.

Further, in addition to imposing any other penalty on Dr. Jon Paul Dadaian, the sentencing judge:

(1) will order Dr. Jon Paul Dadaian to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order Dr. Jon Paul Dadaian to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Dr. Jon Paul Dadaian, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; and

(4) pursuant to 18 U.S.C. § 3583, may require Dr. Jon Paul Dadaian to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Dr. Jon Paul Dadaian be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Dr. Jon Paul Dadaian may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Dr. Jon Paul Dadaian agrees to make full restitution for all losses resulting from the offense of conviction and from the schemes, conspiracies, or patterns of criminal activity underlying such offense.

## RIGHTS OF THIS OFFICE REGARDING SENTENCING

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Dr. Jon Paul Dadaian by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Dr. Jon Paul Dadaian's activities and relevant conduct with respect to this case.

## STIPULATIONS

This Office and Dr. Jon Paul Dadaian agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Dr. Jon Paul Dadaian from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## WAIVER OF APPEAL AND POST-SENTENCING RIGHTS

As set forth in Schedule A, this Office and Dr. Jon Paul Dadaian waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

No provision of this agreement shall preclude Dr. Jon Paul Dadaian from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Dr. Jon Paul Dadaian received constitutionally ineffective assistance of counsel.

## IMMIGRATION CONSEQUENCES

Dr. Jon Paul Dadaian understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Dr. Jon Paul Dadaian understands that the immigration consequences of this plea will be imposed in a separate proceeding before the

- 3 -

immigration authorities. Dr. Jon Paul Dadaian wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Dr. Jon Paul Dadaian understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Dr. Jon Paul Dadaian waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## OTHER PROVISIONS

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Dr. Jon Paul Dadaian. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Dr. Jon Paul Dadaian.

## NO OTHER PROMISES

This agreement constitutes the plea agreement between Dr. Jon Paul Dadaian and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: DIANA VONDRA CARRIG
SARA ALIYA ALIABADI
Assistant U.S. Attorneys

APPROVED:

MOLLY S. LORBER
Attorney-in-Charge, Camden

- 4 -

I have received this letter from my attorney, Douglas M. Nadjari, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____        Date: 5/12/22
DR. JON PAUL DADAIAN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, restitution, waiver and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*/s/ Douglas M. Nadjari*        Date: 5/12/2022
_____
DOUGLAS M. NADJARI, ESQUIRE

Plea Agreement with Dr. Jon Paul Dadaian

Schedule A

1. This Office and Dr. Jon Paul Dadaian recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Dr. Jon Paul Dadaian nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2018 applies in this case.

3. The applicable guideline for the violation of 21 U.S.C. § 331(t) charged in the Information is U.S.S.G. § 2N2.1 because the violation involved pharmaceutical drug products.

4. Because the offense involved fraud, the governing section of the United States Sentencing Guidelines is U.S.S.G. § 2B1.1. See U.S.S.G. §§ 2N2.1(c)(1), 1B1.5(a).

5. Because the defendant was not convicted of an offense specifically referenced to U.S.S.G. § 2B1.1, and the offense of conviction has a statutory maximum term of imprisonment of three years, the base offense level is 6. See U.S.S.G. § 2B1.1(a)(2).

6. Specific Offense Characteristic § 2B1.1(b)(1)(E) applies because: (1) the amount of loss caused by Dr. Jon Paul Dadaian cannot reasonably be determined; and (2) the amount of the gain attributable to Dr. Jon Paul Dadaian as a result of the scheme is more than $95,000 but less than $150,000. This Specific Offense Characteristic results in an increase of 8 levels.

7. Specific Offense Characteristic § 2B1.1(b)(8)(A) applies because the offense involved conduct described in 18 U.S.C. § 670, that is, the obtaining by fraud or deception of a pre-retail medical product, using any means of interstate commerce. This Specific Offense Characteristic results in an increase of 2 levels.

8. Specific Offense Characteristic § 2B1.1(b)(2)(10)(C) applies because the offense involved sophisticated means. Specifically, the defendant and his co-conspirators engaged in the unauthorized purchase and sale of millions of dollars of oncology drugs, which they then redistributed for profit outside the manufacturers' limited distribution channels. The manufacturers kept tight controls over the distribution channels for several reasons, including to ensure an adequate supply to cancer patients and also to ensure the safety and efficacy of these drugs, the majority of which were "cold-chain" infusion drugs, which required transportation and storage within certain temperature ranges. To obscure their unauthorized purchases, the defendant and his co-conspirators created false and fraudulent invoices and transaction histories and also used multiple entities, including doctor's offices, pharmacies and licensed wholesaler distributors, to transfer the drugs before ultimately selling them to their customers. This Specific Offense Characteristic results in an increase of 2 levels.

9. An upward adjustment pursuant to U.S.S.G. § 3B1.3 applies because the defendant abused a position of public and private trust and used a special skill in a manner that significantly facilitated the commission of the offense by abusing his position as a physician and

- 6 -

his ability to order and prescribe controlled drugs. This upward adjustment results in an increase of 2 levels.

### Acceptance of Responsibility

10. As of the date of this letter, Dr. Jon Paul Dadaian has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Dr. Jon Paul Dadaian's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, Dr. Jon Paul Dadaian has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Dr. Jon Paul Dadaian's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Dr. Jon Paul Dadaian enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Dr. Jon Paul Dadaian's acceptance of responsibility has continued through the date of sentencing and Dr. Jon Paul Dadaian therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Dr. Jon Paul Dadaian's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

### Total Offense Level

12. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Dr. Jon Paul Dadaian is 17 (the "agreed total Guidelines offense level").

### No Other Departures/Adjustments

13. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. Dr. Jon Paul Dadaian reserves the right to argue for a downward variance pursuant to the factors listed in 18 U.S.C. § 3553(a) at Step 3 of the sentencing process. The Government reserves the right to oppose such argument.

### Waiver of Appeal & Collateral Attack

14. Dr. Jon Paul Dadaian knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 17. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the

sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

a. Any proceeding to revoke the term of supervised release.

b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).